IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL GREGORIE, et al.,

        Plaintiffs,　　　　　　　　No. CIV S-08-0259 LKK DAD

   v.

ALPINE MEADOWS SKI
CORPORATION, et al.,　　　　　　　ORDER

        Defendants.

_____/

        This case came before the court on March 13, 2009, for hearing on plaintiffs' motion to enforce deposition subpoena (Doc. No. 44) and defendants' motion to compel production of documents, quash deposition subpoena and for sanctions (Doc. No. 41). Attorney Melvin D. Honowitz appeared for plaintiffs. Attorneys John E. Fagen and Jill Haley Penwarden appeared for defendants.

        For the reasons set forth on the record, the court denied both plaintiffs' motion to compel and defendants' motion to quash with respect to the deposition subpoena directed to Mr. Larry Heywood. However, in consideration of the arguments of counsel, the court granted defendants' oral request for leave to take an additional deposition, for a total of eleven, so long as

/////

1

that additional deposition can be taken within the time period provided for discovery under the district court's scheduling order.

With respect to defendants' motion to compel, after hearing the arguments of counsel, the court granted the motion to the extent of requiring plaintiffs' counsel to submit the documents being withheld pursuant to an assertion of privilege for <u>in camera</u> review along with the privilege log and cover letter. The documents were submitted by counsel in a timely fashion and the court has completed its <u>in camera</u> review. Based on that review, counsel for plaintiffs is ordered to produce to defendants redacted versions of pages GR 1426, 1428, 1430-32, 1438, 1440-42, 1446, 1448-49, 1451, 1453, 1455, 1457, 1459, 1461, 1464, 1466, 1468, 1470, 1472, 1474-75, 1479 and 1481. All information on these documents except for the date, time increment and dollar amounts charged may be redacted. Those redacted documents shall be produced to defendants' counsel within seven days of the date of this order. The remaining documents reviewed by the court <u>in camera</u> need not be produced because they are either not called for by defendants' discovery requests, are properly the subject of an assertion of privilege or are otherwise not discoverable in this action.

As also indicated at the hearing, defendants' renewed motion for the award of sanctions is denied without prejudice. The parties have submitted a proposed stipulation and order regarding the extension of certain dates which are the subject of the scheduling order issued by the assigned district judge. That proposal incorporates the type of alternative suggested by the undersigned to the award of sanctions. While concerned about the length of the extensions

/////
/////
/////
/////
/////
/////

proposed, the undersigned will address the proposal embodied in that stipulation next week after consulting with the assigned district judge.[1]

IT IS ORDERED.

DATED: March 20, 2009.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

Ddad1\orders.civil\gregorie0259.oah2.mtc.mtq

---

[1] As discussed at the hearing, in the event an extension is granted allowing defendants additional time to conduct discovery in light of the belated production of documents by plaintiffs, the court would reconsider the imposition of monetary sanctions depending upon whether additional discovery was, in fact, necessitated by the belated production and depending on the cost incurred by defendants as a result.