UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL GREGORIE, in his individual capacity and as Successor In Interest to Jessica Gregorie, deceased, and MARGARET GREGORIE, in her individual capacity and as Successor In Interest to Jessica Gregorie, deceased,

    Plaintiffs,

  v.

ALPINE MEADOWS SKI CORPORATION, a California Corporation and POWDER CORP., a Delaware Corporation,

    Defendants.

/

NO. CIV. S-08-259 LKK/DAD

O R D E R

Before the court is defendant's bill of costs. For the reason described below, the court awards some and denies some costs sought by defendant.

**I. BACKGROUND**

**A.    Factual background**

Plaintiffs brought an action in wrongful death as the parents

1

and successors in interest of decedent, Jessica Gregorie. Gregorie, a twenty-four year old woman and experienced snowboarder, died while snowboarding at defendant Alpine Meadows Ski Corporation's ("Alpine Meadows") ski resort on February 5, 2006. Gregorie had signed a waiver in conjunction with a season pass she purchased from Alpine Meadows, which provided her agreement to assume all risks of skiing beyond the area boundary, and releasing defendants from liability.

On the date of her death, decedent went snowboarding with her friend Joe Gaffney. Gregorie passed two signs posted at the base of the lift, warning of potential danger. While hiking the "High Beaver Traverse" to reach the "Beaver Bowl" area, Gregorie slipped due to the icy snow conditions. Gregorie was unable to stop, and slid past a large tree with a sign stating "Ski Area Boundary." A helicopter transported Gregorie to Washoe Medical Center in Reno where she died later that day.

**B.   Procedural History**

Plaintiffs Daniel and Margaret Gregorie commenced this action on February 1, 2008 against Alpine Meadows and Powdr Corporation. In their first and fourth causes of action, plaintiffs alleged premises liability. Their second cause of action alleged misrepresentation of risk of harm. Their third cause of action alleged negligence.  Their fifth cause of action alleged breach of the season pass contract entered between Jessica Gregorie and Alpine Meadows. The sixth and eighth causes of action sought recision of that contract on the basis of fraud in the inducement.

2

The seventh cause of action sought declaratory relief regarding Gregorie's and defendant's respective rights and duties under the contract. In addition to declaratory relief, plaintiff's sought damages, punitive damages, and costs.

On May 29, 2009 defendants moved for summary judgement or adjudication on the basis that the plaintiffs were barred by the doctrines of primary and express assumption of risk and on the basis that Powdr Corporation is not a proper defendant. On August 6, 2009 this court entered an order granting summary judgment as to all causes of action in favor of defendants.

Defendants then submitted a Bill of Costs totaling $72,515.36 on August 7, 2009. Bill of Costs Submitted, Doc. No. 134 (August 14, 2009). Plaintiffs filed objections to the defendants' Bill of Costs pursuant to Local Rule 54-292(c) and request a hearing.[1] Objections, Doc. No. 136 (Aug. 24, 2009). In response to the objections, defendants withdraw their request for taxation of fees for the Clerk in the amount of $350.00, duplicate fees for invoice costs in the amount of $1,974.98, and fees for service of process to Randall Heiken. Response to Objection, Doc. No. 143, (Sept. 15, 2009). Costs for service of process to Jack Palladino and the California Ski & Snowboard Association, for the deposition transcript of Jack Palladino, the continued deposition transcript of Stanley Gale (Vol. 2), and the continued deposition transcript of Daniel Gregorie (Vol. 3) remain in dispute. Additionally, costs

---

[1] The court finds that a hearing is not necessary in this matter.

3

for the videographic recording of those depositions for which the stenographic transcript will also be taxed remain disputed. These include the depositions of Jack Palladino, Stanley Gale, Daniel Gregorie, Billy Martin, Joe Gaffney, Brian Martinezmoles, and Mike Leake.

## II. ANALYSIS

### A. Taxation of Costs Generally

Federal Rule of Civil Procedure 54(d)(1) and Eastern District Local Rule 292(f) govern the taxation of costs, other than attorney's fees, awarded to the prevailing party in a civil matter. The Supreme Court has interpreted Rule 54(d)(1) to require that district courts consider only those costs enumerated in 28 U.S.C. § 1920. See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987). Section 1920 provides that

> [a] judge or clerk of the court may tax the following:
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920.

Rule 54(d)(1) provides that costs, "other than attorney's fees

4

shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed R. Civ. P. 54(d)(1). This provision establishes a presumption that costs will be awarded to the prevailing party, but allows the court discretion to decide otherwise. Association of Mexican American Educators v. State of California, 231 F.3d 572, 591-92 (9th Cir. 2000). Courts may also interpret the meaning of the items listed in § 1920. Alflex Corp. v. Underwriters Laboratories, Inc., 914 F.2d 175, 177 (9th Cir. 1990); BDT Products, Inc. v. Lexmark International Inc., 405 F.3d 415, 419 (6th Cir. 2005). But see In re Paoli R.R. Yard PCB Litigation, 221 F.3d 449, 459,461 (4th Cir. 2000) (asserting plenary review of the District Court's interpretation of Federal Rule of Civil Procedure 54(d)(1)).

Courts may deny an award of full costs when they state a sound basis for doing so. Chapman v. AI Transport, 229 F.3d 1012, 1038-39 (11th Cir. 2000). The losing party bears the burden of showing that an award is inequitable under the circumstances. Paoli 221 F.3d at 462-63. Among many factors, a prevailing party's bad conduct is relevant to the determination of whether or not to tax if such conduct is responsible for excessive costs. Id. at 463.

Here, plaintiffs objects to several items on defendants' bill of costs. They are addressed in turn.

**B.  Deposition Transcripts**

In deciding whether a copy of a deposition is taxable as a cost, the court must determine whether it was "necessarily obtained for use in the case" under 28 U.S.C. § 1920. "The court has great

Case 2:08-cv-00259-LKK-DAD   Document 159   Filed 02/10/11   Page 6 of 12

latitude in determining whether an award of deposition costs is warranted." Allen v. United States Steele Corporation, 665 F.2d 689, 697 (5th Cir. 1982); See also 10 Wright, Miller, & Kane Federal Practice and Procedure § 2676 (3d ed. & Supp. 2010). If the depositions are for investigatory or for discovery purposes only, rather than for presentation of the case, courts have found that they are not taxable. Wright, Miller, Kane supra, § 2676. Where a motion for summary judgment is granted, "whether [the cost of a deposition] can be taxed is generally determined by deciding whether the deposition reasonably seemed necessary at the time it was taken." Wright, Miller, Kane supra, § 2676.

### i. Deposition of Jack Palladino

Jack Palladino is the family attorney of plaintiff Daniel Gregorie and private investigator to the law firm Siderman & Bancroft, LLP, plaintiffs' counsel in this action. Objections, Doc. No. 136, at 3 (Aug. 24, 2009). Plaintiffs object to taxation of the costs incurred in the deposition of Palladino, especially for two days. They claim that the deposition was not necessary because of plaintiffs good faith effort to provide investigative reports of Palladino and because much of the testimony is protected by attorney-client privilege. Further, they contend that defendants deposed Palladino as a "fishing expedition and [for] harassment purposes only." Id. at 3. The court now determines that under the circumstances, at least in part, the deposition of Palladino was conceivably taken for use in the case.

Although the parties initially disputed whether to conduct

1  this deposition, the defendants withdrew their motion to compel the
2  deposition. This suggests that the parties agreed to the conditions
3  of the deposition which did occur. Motion to Compel, Doc. #64 (May
4  19, 2009); Withdrawal of Motion to Compel, Doc. #66 (May 21, 2009).
5  In the parties' Joint Statement Regarding Discovery Disagreement,
6  defendants state that they "believe Mr. Palladino has crucial
7  evidence as to statements made by eyewitnesses very shortly after
8  the accident occurred" and that he has "likely interviewed
9  additional witnesses and conduct [*sic.*] further inquiry into the
10 facts and circumstances" surrounding the accident. Joint Statement,
11 Doc. No. 65 at 5 (May 19, 2009). This suggests that at least in
12 part the deposition was taken for investigative purposes. It is
13 also true that the Magistrate Judge overruled several of the
14 plaintiffs' privilege-based objections. Exhibit G to Penwarden
15 Declaration, Doc. No. 151 (Sept. 15, 2009).  It is difficult for
16 the court to parse the circumstances and make a certain judgement
17 as to what percentage of the deposition was reasonably believed to
18 be necessary for trial and what percentage was for other purposes.
19 It appears clear, however, that at least one motivation was to
20 piggyback on Palladino's investigation. The court determines that
21 one half the cost of the deposition of the stenographically
22 recording of this deposition is taxable.

23              **ii.  Continued Deposition of Daniel Gregorie (Vol. 3)**
24      Daniel Gregorie is the plaintiff in this action. Plaintiffs
25 concede that defendants were justified in deposing Daniel Gregorie,
26 but contend that questioning directed to Gregorie in his capacity

7

as founder of the California Ski & Snowboard Association (CSSO), during the second and third days of the deposition, was not warranted. Objections, Doc. No. 136, at 4 (Aug. 24, 2009). However, the Magistrate Judge appears to have ordered Gregorie to answer questions directed to his CSSO activities. Minutes, Doc. #57 (April 3, 2009). The Magistrate Judge apparently found that this line questioning was likely to lead to admissible evidence. While the length appears excessive, the Magistrate Judge's judgment appears sufficient to dispose of the issue, and the costs of this deposition will be taxed.

### iii. Continued Deposition of Stan Gale (Vol. 2)

Stan Gale was designated by plaintiffs as an expert in ski safety. In their objection, plaintiffs maintain that there was no reasonable basis to depose Stan Gale for the full second day of deposition, during which he was questioned in his capacity as a percipient witness. Objections, Doc. No. 136, at 3,4 (Aug. 24, 2009).

However, the plaintiffs agreed to the questioning of Mr. Gale in his capacity as a percipient witness at the time of the deposition. Objections, Doc. 136, at 4 (Aug. 24, 2009). The defendants were reasonable in believing that testimony obtained from a percipient witness would produce admissible evidence or information useful in presentation of the case. Therefore, the deposition was reasonably necessary at the time it was taken, and stenographic transcription of the full second day of Mr. Gale's testimony is taxable.

### C. Taxing the costs of both stenography and videography for the same deposition.

The Ninth Circuit has not addressed the issue of taxation for both stenographic and videographic costs of the same deposition. Several Circuits have expressly approved of the practice.[2] Little v. Mistubishi Motors North America, Inc., 514 F.3d 699, 702 (7th Cir. 2008); BDT Products, Inc. v. Lexmark International Inc., 405 F.3d 415, 420 (6th Cir. 2005); Tilton v. Capital/ABC, Inc., 115 F.3d 1471, 1478 (10th Cir. 1997); Morrison v. Reichhold Chemicals, Inc., 97 F.3d 460, 465 (11th Cir. 1996). The Tenth and Fourth Circuits have gone further by stating that ordinarily a "stenographic transcript of a videotaped deposition will be necessarily obtained for the case" because the deposing party will be required to provide the transcript in a variety of circumstances. Tilton, 115 F.3d at 1478-79 (internal quotations omitted); Little, 514 F.3d at 702.[3]

In 2008, after the above circuit cases were decided, Congress amended a relevant portion of 28 U.S.C. § 1920. Subsection (2) of the statute, which once allowed taxation of "fees of the court

---

[2] Defendants cite an unreported case from the Northern District of California allowing taxation of both stenographic and videographic recording of a deposition. MEMC Electronic Materials, No. C-01-4925 SBA, 2004 WL 5361246, at *5 (N.D. Cal. Oct. 22, 2004). It is worth noting that MEMC Electronic Materials, the losing party had requested that the depositions be videotaped. Id. at *5.

[3] This rationale presumes as valid taxation of the videographic recording in the first place, focusing on the question of stenography as an additional cost.

9

1  reporter for all or any part of the stenographic transcript
2  necessarily obtained for use in the case." The statute now allows
3  taxation of simply "fees for printed *or* electronically recorded
4  transcripts necessarily obtained for use in the case." 28 U.S.C.
5  § 1920 (emphasis added). See also EEOC v. Boot, No. 07-CV-95-LRR,
6  2010 WL 520564, at *5 (N.D. Iowa Feb. 9, 2010). In Boot, the
7  district court held that the amended language justified taxation
8  of "either stenographic transcription *or* videotaped depositions-not
9  both." Id. at *5. The court agrees with the reasoning on Boot, and
10 declines to tax the videotaped depositions.[4]

    **F.   Service of Process**

12     Fees for service of process are properly taxed under section
13 1920. Alflex Corp. v. Underwriters Laboratories, Inc., 914 F.2d
14 175, 177 (9th Cir. 1990). The district court regularly taxes costs
15 for service of process. Avila v. Willitz Environment, No. C 99-
16 03941 SI, 2009 WL 4254367, at *5 (N.D. Cal. Nov. 24, 2009);
17 Campbell v National Passenger R.R. Corp., 718 F. Supp. 2d 1093,
18 1106-07 (N.D. Cal. 2010). The question is whether these subpoenas
19 were necessary for use in the case.

         **i.   Jack Palladino**

21     According to plaintiffs, the cost of service of process to
22 Jack Palladino should not be taxed because Palladino was
23 voluntarily available for a deposition. Objections, Doc. No. 136,

---

[4] The court notes that there may be some unusual circumstance where both a transcription and a video deposition may be taxed because both are necessary. This case does not present such an exceptional circumstance.

10

at 5 (Aug. 24, 2009). However, Palladino's voluntary availability was subject to conditions, limitations, and claims of privilege. Defendant's point out that the Magistrate Judge ruled that some of these limitations were "baseless." Exhibit G to Penwarden Declaration, Doc. #151 at 19 (Sept. 15, 2009). The Magistrate Judge's order requiring the plaintiff to answer questions, which he would not answer voluntarily, is sufficient to support this court's finding that the cost of service of process was necessary for the defendants' use in the case. Accordingly this cost will be taxed.

**ii. CSSO**

Plaintiffs object to the costs for service of process to the California Ski & Snowboard Association (CSSO), an organization founded by plaintiff, Dr. Daniel Gregorie. Defendants note that Dr. Gregorie refused to answer questions during his deposition about the CSSO, and that counsel invited the defendants to subpoena the CSSO to obtain responses. Bill of Costs Submitted, Doc. No. 143, at 10 (Sept. 15, 2009). Because plaintiffs do not show why service of process pursuant to their own suggestion was unreasonable, this cost will be taxed.

**III. CONCLUSION**

For the foregoing reasons, the court ORDERS as follows:

(1) Plaintiffs SHALL BE TAXED in the amount of $51,042.76.
(2) Plaintiffs SHALL NOT BE TAXED for the costs of videotaping any depositions, for half the cost of the

```
1            transcript of Palladino's deposition, and for the costs
2            withdrawn by defendants.
3        IT IS SO ORDERED.
4        DATED:  February 9, 2011.
```

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

12